NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: JUSTIN SAMUELS, SAMUEL ROCKWELL,**
*Appellants*

---

2022-1121

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 29/577,270.

---

Decided: March 6, 2024

---

TODD STEVEN SHARINN, Gilbride, Tusa, Last & Spellane LLC, Greenwich, CT, for appellants.

BRIAN RACILLA, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal. Also represented by PETER J. AYERS, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

This is a design patent application case. Appellants Justin Samuels and Samuel Rockwell filed U.S. Design Patent Application No. 29/577,270, titled "Waffle Having a Waffle Pattern Side and a Smooth Side," on September 12,

2016.   The assigned examiner in the U.S. Patent and Trademark Office rejected the claim under 35 U.S.C. § 102(a)(1) as being anticipated by the Belgian Waffle Sandwich Video[1] (a video posted publicly on YouTube). The Patent Trial and Appeal Board affirmed the examiner's rejection.   J.A. 1.   The applicants timely appealed. We have jurisdiction.   28 U.S.C. § 1295(a)(4); 35 U.S.C. § 141(a).   We affirm.

I

The '270 application is directed to an "ornamental design for a waffle having a waffle patterned side and a smooth side." J.A. 30 (cleaned up).  Figures 1 and 3 of the '270 application (reproduced below) show a perspective view from above and a bottom view, respectively, of the claimed design.  J.A. 30.  As shown in Figure 1, the top of the claimed design includes a waffle pattern, and as shown in Figure 3, the bottom of the claimed design is flat.



FIG. 1

J.A. 31, FIG. 1.

---

[1]    @theendorsement, *Dunkin Donuts® - Belgian Waffle Breakfast Sandwich Review # 328*, YOUTUBE (Aug. 30, 2016), https://www.youtube.com/watch?v=TN9kBtgTqxM.



FIG. 3

J.A. 32, FIG. 3.

During examination, the examiner finally rejected the claim under 35 U.S.C. § 102(a)(1) as being anticipated by the Belgian Waffle Sandwich Video. J.A. 158. The Belgian Waffle Sandwich Video is a review of a waffle sandwich that includes two waffles and filling between the two waffles. Providing annotated screenshots from this video (reproduced below), the examiner concluded that the appearance of the prior-art waffle "having a waffle pattern side and smooth side . . . is substantially the same as that of the claimed design." J.A. 159, 161.



J.A. 159.



J.A. 161.

Appellants appealed the final rejection to the Board, first alleging that the Belgian Waffle Sandwich Video does not disclose that an inner surface of the waffle is flat and then arguing that the '270 application was reduced to practice before the publication date of the video. After conducting a hearing, the Board issued its decision rejecting appellants' arguments and affirming the examiner's anticipation rejection. J.A. 1, 11.

II

We review the Board's legal determinations de novo, while we review the Board's factual findings for substantial evidence. *Polaris Industries, Inc. v. Arctic Cat, Inc.*, 882 F.3d 1056, 1064 (Fed. Cir. 2018)). Anticipation is a question of fact and, in the design patent context, involves applying the ordinary observer test. *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237–38 (Fed. Cir. 2009). Under that test, a prior-art design anticipates the claimed design "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, [the] two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.* at 1239 (quoting *Gorham Manufacturing Co. v. White*, 81 U.S. 511, 528 (1871)).

Substantial evidence supports the Board's determination that the Belgian Waffle Sandwich Video anticipates the design for a waffle claimed in the '270 application.[2] The Board considered as a whole both the claimed waffle and the prior-art waffle, comparing their outer surfaces, inner surfaces, and side views. J.A. 3–4, 8–9. The Board found that, contrary to what appellants alleged, the Belgian Waffle Sandwich Video discloses that the prior-art waffle has a flat inner surface, identifying (1) a side view of the waffle sandwich suggesting the inner surface of the waffle is flat, (2) another view showing that the egg filling of the waffle sandwich is flat and thus suggesting that the inner surface of the waffle is flat, and (3) yet another view showing a partially open waffle sandwich with a flat inner surface of the waffle visible. J.A. 9.

On appeal, aside from recycling their arguments as to the Belgian Waffle Sandwich Video's failure to disclose the flat inner surface, appellants catalogue several other alleged differences between the prior-art waffle and the claimed waffle design, including the amount of deformation around the edges, coloration, and flexibility. Samuels

---

[2]    The Board, in evaluating the evidence of record, referred to the "substantial evidence" standard of review multiple times. J.A. 8–9. This standard of review originates from statutory provisions in the Administrative Procedure Act that dictate this court's standard of review of Board decisions—not the Board's standard for evaluating examiner actions. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000); 5 U.S.C. § 706(2)(E). Appellants do not allege any reversible error arising from the Board's reference to the "substantial evidence" standard. We note that the Board's own precedential decision counsels review of "the particular finding(s) contested by an appellant anew in light of all the evidence and argument on that issue." *Ex Parte Frye*, 94 U.S.P.Q.2d 1072, 1075 (B.P.A.I. 2010).

Opening Br. 10–23. Appellants, however, fail to describe how any of these alleged differences would alter, to an ordinary observer, the "overall visual impression" of the prior-art waffle as compared to claimed waffle design. *International Seaway*, 589 F.3d at 1243; *see Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1343 (Fed. Cir. 2020) (describing that the ordinary observer test "is not an element-by-element comparison" and instead requires the factfinder to "compare similarities in overall designs, not similarities of ornamental features in isolation" (cleaned up)).

Appellants also cast doubt on the reliability of the findings drawn from the Belgian Waffle Sandwich Video, contending that the examiner relied on a "fuzzy and split-second glimpse" of an inner surface of the prior-art waffle. Samuels Opening Br. 17–19. But from watching the video, the Board—video quality and duration of inner surface visibility notwithstanding—identified specific views from which it was able to discern the features that appellants argued were absent from the prior-art. J.A. 9. We see no reason to disturb the Board's findings of fact regarding the video's disclosure.

Appellants lastly contend that the '270 application was constructively reduced to practice before the publication date of the Belgian Waffle Sandwich Video, and thus the video is disqualified as prior art. Samuels Opening Br. 30–31. The '270 application, however, was filed on September 12, 2016, well after the Leahy-Smith America Invents Act's (AIA) first-to-file regime took effect on March 16, 2013. *SNIPR Technologies Ltd. v. Rockefeller University*, 72 F.4th 1372, 1376 (Fed. Cir. 2023). Even if appellants were able to show an earlier conception or an earlier constructive reduction to practice, such a showing would be irrelevant to the inquiry required under post-AIA 35 U.S.C. § 102(a)(1)—namely whether the claimed invention was described in the publicly available video "before the *effective filing date* of the claimed invention." 35 U.S.C.

§ 102(a)(1) (emphasis added).  Here, appellants do not contend that its '270 application is entitled to the benefit of an earlier filing date.

## III

The decision of the Board is affirmed.

**AFFIRMED**